**Pat HOPPE, Plaintiff–Appellant,**

**v.**

**Police Officers Joseph MASSARO, Michael Berg, Ronald Wilson, Timothy Batjer, Sgt. Robert J. Gartner, John Doe # 1, Defendants–Appellees.**

**Docket No. 00–9451.**

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Eugene B. Nathanson, N.Y., NY, for appellant.

Paul L. Herzfeld, Ass't Corp. Counsel, N.Y., NY, for appellees.

Present VAN GRAAFEILAND, KEARSE, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Pat Hoppe appeals from a judgment entered in the United States District Court for the Eastern District of New York, Charles P. Sifton, *Judge,* following a jury verdict against her, dismissing her complaint brought under 42 U.S.C. § 1983 against defendant police officers for entry into her home without a warrant. On appeal, Hoppe contends that the court should have granted her motion pursuant to Fed.R.Civ.P. 50(a) for judgment in her favor as a matter of law notwithstanding the jury's verdict, or, in the alternative, should have granted her motion pursuant to Fed.R.Civ.P. 59(a) for a new trial.

Finding no merit in her contentions, we affirm.

In ruling on a motion for judgment as a matter of law, the trial court is required to

consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.

*Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 367 (2d Cir.1988) (internal quotation marks omitted); *see also Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Kim v. Hurston,* 182 F.3d 113, 117 (2d Cir.1999); *Piesco v. Koch,* 12 F.3d 332, 343 (2d Cir.1993).

Hoppe contends that the evidence that defendants' entry into her house without a warrant "was unreasonable [wa]s overwhelming, and no reasonable person could believe otherwise." (Hoppe brief on appeal at 8.) This contention is without merit. The record included evidence that the defendant officers were responding to a complaint by the supervisor of utility workers working near Hoppe's house; and that the supervisor informed the officers that a man had entered that house some 5–10 minutes earlier after complaining of the construction noise, that the man had carried a gun and threatened the workers with it if they did not stop working, and that the man had not left the house. Defendants Joseph Massaro and Ronald Wilson testified at trial that when the officers

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

went to the house and inquired of Hoppe and her husband, a couple who appeared to be in their 60s, the Hoppes stated that no one else was in the house. When asked whether they had a son, the Hoppes stated that they did, but that he had departed some 45 minutes earlier. Massaro testified that when the Hoppes

> at the doorway[,] stat[ed] that nobody else was in the house, we fear [*sic* ] for their safety and our safety. We had no idea if these people were being held hostage, if they knew who it was. We had no clue who the gentleman was that went into the home. For the safety of them, we had to check the premises. They might have not had any knowledge of somebody else running into the house ... when we have a witness stating somebody did go into the house.

When, notwithstanding the Hoppes' denials that anyone else was there, the officers heard sounds coming from an upper floor, they proceeded to investigate and there found Hoppe's son. Taken in the light most favorable to defendants as the parties against whom judgment was sought as a matter of law, the evidence was ample to permit the jury to find both that defendants believed their entry into the house was necessitated by exigent circumstances, to wit, the need to eliminate a threat to the safety of the utility workers and bystanders, among others, and that that belief was reasonable.

Although Hoppe points to parts of deposition testimony and written reports by the officers stating that the man who had threatened the utility workers was Hoppe's son, the officers testified at trial that those references encompassed not only the information the officers had received initially, which did not include identification of the threatener as Hoppe's son, but also information they had received as a result of finding the son in Hoppe's home.

Any conflicts or discrepancies in the evidence were for the jury to resolve, and the court is not entitled to second-guess the jury's assessments and weighing of the evidence. Hoppe's motion for judgment as a matter of law was properly denied.

Hoppe has presented to this Court no arguments in support of a new trial, as distinct from judgment as a matter of law, and we see no abuse of discretion, *see generally Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 911 (2d Cir.1997), *cert. denied,* 528 U.S. 817, 120 S.Ct. 56, 145 L.Ed.2d 49 (1999); *Metromedia Co. v. Fugazy,* 983 F.2d 350, 363 (2d Cir.1992), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993), in the court's denial of that branch of her posttrial motion.

We have considered all of Hoppe's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.